086258.0014(207)                              RMC:lab

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS
## BENTON DIVISION

| | |
|---|---|
| OWNERS INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| RUSSELL OIL COMPANY, an Illinois | ) |
| corporation, and MICHLYNN HUNT, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Now comes the Plaintiff, Owners Insurance Company, by its attorney, Robert Marc Chemers of Pretzel & Stouffer, Chartered, and for its Complaint for Declaratory Judgment against the Defendants, Russell Oil Company, an Illinois corporation, and Michlynn Hunt, alleges the following:

### JURISDICTION

1.      The jurisdiction of this Court is premised upon 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, in this action seeking a declaration of no insurance coverage for the underlying action which alleges damages caused by pollution from leaking underground storage tanks at a gas station.

## VENUE

2.      Venue is premised upon 28 U.S.C. § 1391 as the Defendants are residents of this District.

## THE PARTIES

3.      Owners Insurance Company ("Owners") is a Michigan insurance corporation, which maintains its principal place of business in Lansing, Michigan, and which at all times herein relevant was licensed to and which did transact insurance business in the State of Illinois and elsewhere.

4.      Russell Oil Company ("the Insured") is an Illinois corporation which maintains its principal place of business in Galatia, Illinois, and which is the Insured on policies of insurance issued by Owners. The Insured operates a gas station in Harrisburg, Illinois.

5.      Michlynn Hunt ("the underlying Plaintiff") is the plaintiff in a certain action brought against the Insured in another Court, which action is more fully described herein, and who has been joined to the extent that she is an interested party. Owners seeks no relief from the underlying Plaintiff, who has been joined as a defendant solely to be bound by the judgment to be rendered in this cause. The underlying Plaintiff is a citizen of the State of Illinois and is a resident of Harrisburg, Illinois.

## THE OWNERS POLICIES

6.      Owners issued its policy of insurance numbered 094604-07195380-22 to Russell Oil Company as named insured. The Tailored Protection Policy provided for, among other things, Commercial General Liability Insurance on a primary basis for the

2

effective period of October 28, 2022 to October 28, 2023. A true and correct copy of the Owners policy is attached hereto, made a part hereof and is marked as Pleading Exhibit A.

7.      The Owners policy was renewed for the period of October 28, 2023 to October 28, 2024 under policy number 094604-07195380-23, and then renewed again for the period of October 28, 2024 to October 28, 2025 under policy number 094604-07195380-24.  A true and correct copy of each renewal policy is attached hereto, made a part hereof and is marked as Pleading Exhibit B and C, respectively.

## THE UNDERLYING LITIGATION

8.      An action for damages was filed against the Insured by the underlying Plaintiff seeking damages for its contamination of the soil and groundwater on its property at 311 East Poplar Street in Harrisburg, caused by leaking underground storage tanks which contained gasoline and kerosene, which exposed the underlying Plaintiff to noxious and offensive odors "as well as carcinogens including Benzene, Ethylbenzene, MTBE, and Xylenes" and the underlying Plaintiff claims she became aware of the leaks on the Insured's property on or about August 16, 2022  and became aware in or around February 2024 that her property has been contaminated due to the leaks from the underground storage tanks. The underlying Plaintiff sued the Insured for damages for maintenance of a private nuisance Count I), trespass (Count II), and intentional infliction of emotional distress (Count III), in her Complaint filed in the Circuit Court of the 1st Judicial Circuit, Saline County, Illinois, brought under Cause No. 26 LA 2. A true and correct copy of the Complaint against the Insured in the aforesaid action is attached hereto, made a part hereof and is marked as Pleading Exhibit D.

3

9.      In that Complaint the underlying Plaintiff also sought damages from the Insured for alleged exposure to noxious odors from the leaking underground storage tanks outside her house, interfering with her use of the property, for physical and psychological harm for which she has sought medical treatment due to symptoms from toxic fumes from the leaking underground storage tanks, and knowledge of exposure to carcinogens and damage to her property, all of which more fully appears in the Complaint marked as Pleading Exhibit D.

## COUNT I
### (DECLARATORY JUDGMENT RE:  NO DUTY TO DEFEND AND INDEMNIFY)

10.     Owners adopts and repeats the allegations of ¶¶ 1 through 10 as and for ¶ 11 hereof as though the same were fully set forth herein.

11.     While each Owners policy, Pleading Exhibits A, B and C extends coverage to an insured for "bodily injury," "property damage," and "personal and advertising injury" as defined therein, the claims in the action against the Insured are not covered by the Owners policies of insurance.

12.     Each Owners policy provides in its Insuring Agreement for "bodily injury" and "property damage" as follows (Ex. A. at 304; Ex. B. at 331; Ex. C. at 302):

> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABLITY**
>
> **1.      Insuring Agreement**
>
> > **a.**      We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages for "bodily

4

injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in Section **III** - Limits Of Insurance; and

**(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B**.

**b.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)** The "bodily injury" or "property damage" occurs during the policy period; and

**(3)** Prior to the policy period, no insured listed under Paragraph **1**. of Section **II** - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

5

13.    Each Owners policy defines certain terms used in the Insuring Agreement set forth in ¶ 12 hereof as follows:

\*    \*    \*    \*    \*

"Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\*    \*    \*    \*    \*

"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\*    \*    \*    \*    \*

Pollutants means:

"Pollutants" mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

"Property damage" means:

**a.**    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.**    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems

6

and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

14.    Each Owners policy contains an exclusion for pollution emanating from the Insured's property, which exclusion applies to each of the underlying Plaintiff's claims and provides as follows: part as follows (Ex. A. at 305; Ex. B. at 332-33; Ex. C. at 303):

**f.    Pollution**

**(1)**    "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**(a)**    As or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured.

\*    \*    \*

**(b)**    At or from any premises, site or location which is or was at any time used by or for any insured or others for the handling, storage, disposal, processing or treatment of waste;

**(c)**    Which are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for:

**(i)**    Any insured; or

**(ii)**    Any person or organization for whom you may be legally responsible; or

15.    The Insured tendered its defense to Owners for the action brought by the underlying Plaintiff, and Owners accepted that tender subject to reservation for the reasons stated herein.

16. Owners contends that it has no duty or obligation under its policies to defend and indemnify the Insured in connection with the claims made against it by the underlying Plaintiff for the reason that the pollution exclusion bars coverage for "bodily injury" or "property damage" to the underlying Plaintiff and her other claims for psychic harm, economic loss or intentional, non-accidental conduct are not covered.

17. The above contentions of Owners are, on information and belief, denied by the Insured which in turn, contends that it is entitled to coverage under the Owners CGL policies. Owners, in turn, denies the contrary contentions of the Insured and each of them.

18. By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and provisions of 28 U.S.C. 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of insurance referred to herein, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

## COUNT II
### (REIMBURSEMENT OF DEFENSE COSTS)

19. Owners adopts and repeats the allegations of ¶¶ 1 through 18 as and for ¶ 19 hereof as though the same were fully set forth herein.

20. The Owners policies provide in an endorsement that should a Court determine that the policies do not apply, and that Owners has no duty to defend, then Owners is entitled to be reimbursed by the Insured for the defense costs incurred.

8

Specifically, the endorsement provides as follows (Ex. A. at 281; Ex. B. at 280; Ex. C. at 288):

> If we initially defend an insured or pay for an insured's defense but later determine that the claim(s) is (are) not covered under this insurance, we will have the right to reimbursement for the defense costs we have incurred.
>
> The right to reimbursement for the defense costs under this provision will apply to defense costs we have incurred after we notify you that there may not be coverage, and that we are reserving our rights to terminate the defense and seek reimbursement for defense costs.

21.    In its reservation of rights letter to the Insured, Owners advised that there was no coverage and if there was a declaration of no insurance coverage, that Owners would seek to be reimbursed by the Insured for all of the defense costs paid by Owners pursuant to the reservation of rights.

22.    Upon entry of a judgment that Owners has no duty to defend the Insured for the underlying action, the Insured has an obligation to reimburse Owners for the amount paid by Owners to defend it for the action brought by the underlying Plaintiff to avoid an unjust enrichment.

## PRAYERS FOR RELIEF

**WHEREFORE**, the Plaintiff, Owners Insurance Company, prays that this Court enters judgment finding and declaring the rights of the parties as follows:

### AS TO COUNT I:

A.    That Owners Insurance Company has no duty or obligation to provide a defense and indemnity to Russell Oil Company for the action filed

9

in the Circuit Court of the 1st Judicial Circuit, Saline County, Illinois by Michlynn Hunt under Cause No. 26 LA 2 under its policies of insurance.

B.    That the Court grant Owners Insurance Company such other and further relief as the Court deems fit and just under the circumstances.

C.    That Owners Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

### AS TO COUNT II:

A    That Owners Insurance Company is entitled to a judgment against Russell Oil Company for the amount of defense costs and expenses incurred by Owners Insurance Company on its behalf in connection with the action filed by Michlynn Hunt in the Circuit Court of the 1st Judicial Circuit, Saline County, Illinois under Cause No. 26 LA 2.

B.    That the Court grant Owners Insurance Company such other and further relief as the Court deems fit and just under the circumstances.

C.    That Owners Insurance Company be awarded and have and recover their just and reasonable costs incurred herein and have execution issue therefor.

Respectfully submitted:

*/s/   Robert Marc Chemers*

Robert Marc Chemers (Bar No. 0431508)
PRETZEL & STOUFFER, CHARTERED
200 South Wacker Drive, Suite 2600
Chicago, Illinois 60606
Telephone:       (312) 578-7548
Fax:             (312) 346-8242
E-Mail:  rchemers@pretzel-stouffer.com

11